IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| NCR CORPORATION<br>1700 S. Patterson Blvd., WHQ-2E<br>Dayton, Ohio 45479,<br><br>Plaintiff,<br><br>vs.<br><br>FUSIONONE, INCORPORATED<br>1 Almaden Blvd., 11th Floor<br>San Jose, California 95113,<br><br>Defendant. | Case No. **3:04 cv 0097**<br><br>Judge: **THOMAS M. ROSE**<br><br>**COMPLAINT FOR**<br>**PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff NCR Corporation ("NCR") files this Complaint for patent infringement against Defendant FusionOne, Incorporated ("FusionOne"), and alleges as follows:

## THE PARTIES

1. Plaintiff NCR is a corporation organized and existing under the laws of the State of Maryland and maintaining its principal place of business at 1700 S. Patterson Blvd., WHQ-2E, Dayton, Ohio 45479.

2. Plaintiff NCR is informed and believes and thereon alleges that Defendant FusionOne is a corporation organized and existing under the laws of the State of Delaware, having established places of business in San Jose, California and Tallinn, Estonia.

## JURISDICTION AND VENUE

3. This Action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this Court and judicial district, pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), based on the fact that the matters in controversy arise out of activities undertaken by Defendant FusionOne in this judicial district, including, *inter alia*, (a) inducing third parties to infringe United States Letter Patent No. 5,951,652 ("the '652 patent") through advertising, marketing, sales, distribution, and disseminating information, and (b) selling and/or offering to sell a product especially adapted for use in practicing the invention claimed in the '652 patent, which is not a staple article or commodity of commerce. Thus, this is a district in which Defendant FusionOne is subject to personal jurisdiction and, therefore, resides.

## FACTS

5. Plaintiff NCR provides hardware, software, and solutions in the areas of data warehousing and communications, and holds numerous patents in those areas.

6. On September 14, 1999, the '652 patent entitled "Dependable Data Element Synchronization Mechanism," was duly and legally issued. The '652 patent has been assigned to Plaintiff NCR, and Plaintiff NCR still is its owner. A true and correct copy of the '652 patent is attached as Exhibit A to this Complaint.

7. On information and belief, Defendant FusionOne manufactures, sells, and offers to sell within the United States the MightyPhone™ software product and service ("MightyPhone™"). Defendant FusionOne has advertised MightyPhone™ as "a wireless sync

2

service that keeps your mobile phone automatically updated with address book and calendar information from your PC—wirelessly, without cables!"

8. On information and belief, Defendant FusionOne and its distribution partners advertise, market, and disseminate instructions for the use of MightyPhone™.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

9. Plaintiff NCR incorporates by reference paragraphs 1 through 8 of this Complaint, as though fully stated herein.

10. Defendant FusionOne, in violation of 35 U.S.C. § 271(a), directly infringes the '652 patent by making, using, selling, and offering to sell the invention claimed in the '652 patent within the United States.

11. Defendant FusionOne, in violation of 35 U.S.C. § 271(b), actively and knowingly induces infringement of the '652 patent by causing third parties to practice the invention claimed in the '652 patent within the United States, in connection with Defendant FusionOne's advertising, marketing, sales, distribution, and information dissemination concerning MightyPhone™.

12. Defendant FusionOne, in violation of 35 U.S.C. § 271(c), knowingly contributes to the infringement of the '652 patent by selling and/or offering to sell within the United States MightyPhone™, which is a material part of practicing the invention claimed in the '652 patent. Defendant FusionOne knows that MightyPhone™ is especially made or adapted for use in the infringement of the '652 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

3

13. Third parties directly infringe the '652 patent by using MightyPhone™, which is manufactured, marketed, and/or sold by Defendant FusionOne to practice the invention claimed in the '652 patent.

14. Defendant FusionOne is aware that such third parties thereby directly infringe the '652 patent.

15. Plaintiff NCR is damaged and irreparably injured by Defendant FusionOne's infringing activities and will continue to be so damaged and irreparably injured unless Defendant FusionOne's infringing activities are enjoined by this Court.

16. On information and belief, Defendant FusionOne's infringement of the '652 Patent has been and continues to be willful, wanton and deliberate, and will so continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NCR prays for the following relief:

a) judgment that Defendant FusionOne has infringed, has induced others to infringe, and/or has committed acts of contributory infringement with respect to claims of the '652 patent;

b) an injunction against continued infringement of the '652 patent by Defendant FusionOne, its agents, servants, officers, directors, employees, successors-in-interest and assigns, and all those acting in privity or in concert with them;

c) an accounting for profits and damages;

d) an assessment of interest and costs;

e) a trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of the infringement;

f) an award of Plaintiff NCR's costs and attorneys' fees under 35 U.S.C. § 285; and

g) such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff NCR hereby demands a trial by jury of all claims and issues thus triable by right.

Dated: March 31, 2004

Respectfully submitted,

*[signature]*

Thomas R. Kraemer (0060120)
   Trial Attorney
Julie E. Zink (0071699)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 227-3725
Telecopier: (937) 227-3717
E-Mail: tkraemer@ficlaw.com

Harold J. McElhinny
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
HMcElhinny@mofo.com

Emily A. Evans
Paul F. Coyne
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
EEvans@mofo.com
PCoyne@mofo.com

Attorneys for Plaintiff NCR Corporation

135280.1